## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DEBORAH BELINDA JACKSON,**

**Plaintiff,**

v.

**JUNCTION CITY, KANSAS, CITY OF,**
**et al.,**

**Defendants.**

Case No. 23-4049-JWB

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss.  (Doc. 8.)  The motion is fully briefed and ripe for review.  (Docs. 9, 11, 12, 13, 14.)  The court GRANTS the motion to dismiss for the reasons discussed herein.

### I.    Background

The following facts are taken from Plaintiff's complaint and assumed true for purposes of the motion.  Plaintiff is a dealer of second-hand electronics.  In January 2022, officers from the Junction City Police Investigations Department delivered an ordinance to Plaintiff's residence.  The ordinance required Plaintiff to have her customers show identification and for Plaintiff to take pictures of the identification for uploading in the Investigation Department online portal.  Plaintiff was cited for failure to obtain a license to sell secondhand merchandise.  Plaintiff's citation, however, was dismissed.  Junction City later changed the ordinance, and City Attorney, Defendant Britain Stites, informed Plaintiff that she no longer had to abide by the ordinance.  Plaintiff further alleges that the motivation for dismissing her citation was due to constitutional concerns.

Plaintiff brings the following suit, citing 28 U.S.C. §§ 1343, 2671–80.  She seeks damages for emotional distress and lost sales.

## II.     Standard

A complaint must contain enough facts to state a claim of relief that is plausible on its face to withstand a Rule 12(b)(6) motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  At the motion-to-dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014).  Rule 12(b)(6) does not require a plaintiff to establish a prima facie case. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015).  Conclusory allegations, however, have no bearing on the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.     Analysis

As an initial matter, the Junction City Police Investigation Department is a governmental subunit that is not subject to suit. *See, e.g.*, *Schuckman v. Babin*, No. 623-CV-01214-HLT-BGS, 2024 WL 896199, at *3 (D. Kan. Mar. 1, 2024) (dismissing claims against the Garden City Police Department based on it not being a suable entity).  The court thus analyzes this case as to the remaining Defendants.

Plaintiff cites 28 U.S.C. § 1343 and the Federal Tort Claims Act ("FTCA") as the basis for her suit.  Section 1343, however, is merely a jurisdictional statute.  It does not provide a cause of action.  And the FTCA is for claims against federal employees, not local governments and their officials. *See Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004) ("An FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her

employment.")  Based on Plaintiff's reference to the Constitution, the court broadly construes her complaint as alleging a cause of action under 42 U.S.C. § 1983 for constitutional violations.

Section "1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Robbins*, 519 F.3d at 1249–50 (10th Cir. 2008) (noting it is "particularly important" in § 1983 cases "that the complaint make clear exactly who is alleged to have done what to whom").  Here, Plaintiff provides essentially no specific actions about the individual Defendants, much less any allegations rising to the level of a constitutional violation. It seems police officers may have delivered a copy of an ordinance to Plaintiff, and that the city attorney dismissed a citation against her.  Plaintiff thus fails to state a claim and her complaint is dismissed as to the individual Defendants.

Regarding Plaintiff's lawsuit against Junction City, Plaintiff provides no facts to show a constitutional violation.  Plaintiff alleges a local commercial regulation affected her business, but there is no plausible factual allegation implicating a constitutional right.  The complaint is thus dismissed as to the city as well.

## IV.    Conclusion

The motion to dismiss (Doc. 8) is GRANTED.  This dismissal is without prejudice.

IT IS SO ORDERED.

Dated: June 5, 2024                                    /s/John W. Broomes
                                                                JOHN W. BROOMES
                                                                UNITED STATES DISTRICT JUDGE